UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEREMIAH AVERY PORTER,

        Petitioner,　　　　　　　　　　　　　　Civil No. 06-1141-HA

    v.　　　　　　　　　　　　　　　　　　　　ORDER

CHARLES A. DANIELS, Warden,
Federal Correctional Institution,
Sheridan, Oregon,

        Respondent.
_____

HAGGERTY, Chief Judge:

    On August 9, 2006, petitioner filed a Petition for a Writ of Habeas Corpus [2] pursuant to 28 U.S.C. § 2241. Petitioner alleges that the Bureau of Prisons (BOP) has refused to process his request to be placed in the Drug and Alcohol Treatment Program (DAP), thereby violating his constitutional rights.

    Respondent filed a Motion to Dismiss the Petition [6], alleging that petitioner's claim is not ripe for review because his "good conduct time release date is so far in the future . . ." Resp't

1 - ORDER

Mot. to Dismiss at 7. For the following reasons, this Motion is denied and the Petition is granted in part.

Section 3621(b) of the United States Code directs the BOP to provide substance abuse treatment to prisoners who have a "treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). As an incentive for prisoners to seek treatment, Congress made one-year sentence reductions available to prisoners who completed the substance abuse treatment programs. 18 U.S.C. § 3621(e)(2)(B).

Section 3621(e) provides an incentive to prisoners to complete a drug abuse program. *Cort v. Crabtree*, 113 F.3d 1081, 1085 (9th Cir. 1997). An inmate who knows, prior to enrollment, that he or she is eligible for the one-year sentence reduction is more likely to enroll and complete the program, thereby creating a more effective use of the program. *Id*. "BOP rules require an eligibility determination to be made when a prisoner requests admission into DAP, and there are no restrictions on when that request can be made." *Wade v. Daniels*, 373 F. Supp. 2d 1201, 1202 (D. Or. 2005). The BOP retains discretion as to whether to grant a reduction in an enrollee's sentence upon completion of the program, but such discretion is irrelevant to the determination of *eligibility* for the reduction upon the request of the inmate for placement into DAP. *Cort*, 113 F.3d at 1085. "A prisoner's right to *consideration* for early release is a valuable one that we have not hesitated to protect." *Id*. (citation omitted) (emphasis in original). Here, petitioner's right to consideration of his request for admission into the DAP program has been violated.

Respondent also argues that BOP Program Statement 5330.10 instructs BOP personnel

2 - ORDER

that they should not consider an inmate's application for admission to DAP until he or she is within 36 months of his or her projected good conduct time release date.

Petitioner asserts he made multiple requests for placement into DAP, including requests prior to the filing of his Petition, and that respondent failed to process those requests. For purposes of this Motion, this court shall construe petitioner's assertions as true. Accordingly, the Petition is ripe for adjudication.

The court declines to consider the parties' arguments concerning whether petitioner meets the other requirements for admission into DAP and/or his eligibility for the sentence reduction until petitioner's application for DAP has been processed and his eligibility formally determined.

CONCLUSION

This court concludes that petitioner's claim seeking determination of his eligibility to participate in DAP and for the discretionary sentence reduction is ripe for review. Accordingly, the Motion to Dismiss [6] is DENIED. Furthermore, petitioner's Petition [2] is GRANTED IN PART as follows: Respondent shall evaluate petitioner's request for placement in the DAP program and make a determination of his eligibility. The requests in the Petition that respondent (1) be directed to place petitioner in the DAP program, and (2) reduce petitioner's term of imprisonment by one year, are DENIED without prejudice.

IT IS SO ORDERED.

DATED this   6   day of April, 2007.

                                                  /s/ ANCER L. HAGGERTY
                                                    ANCER L. HAGGERTY
                                                 United States District Judge